**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, DAYTON**

| | | |
|---|---|---|
| **PARALLAX ADVANCED RESEARCH CORPORATION f/k/a WRIGHT STATE APPLIED RESEARCH CORPORATION,** 4035 Colonel Glenn Hwy Beavercreek, OH 45431 | : : : : : : | Case No.: Judge: |
| Plaintiff, | : : | |
| v. | : : | **COMPLAINT** |
| **SPG INSTITUTE, INC.** 14800 Conference Center Drive, Suite 300 Chantilly, VA 20151 | : : : : : : | **(JURY DEMAND ENDORSED HEREON)** |
| Defendant. | : | |

For its Complaint against Defendant SPG Institute, Inc. ("SPGI" or "Defendant"), Plaintiff Parallax Advanced Research Corporation, f/k/a Wright State Applied Research Corporation ("Parallax" or "Plaintiff") hereby states as follows:

## NATURE OF THE ACTION

1. This action concerns Defendant's failure to pay amounts owed to Parallax on services rendered pursuant to the Cooperative Agreement Subaward 2019-ARC-S-19005, effective November 1, 2019 (the "Subaward Agreement," attached as Exhibit 1). With neither explanation nor excuse, Defendant failed to pay Parallax on seven invoices for services rendered under the Subaward Agreement, totaling $906,452.27 (the "Invoices," collectively attached as Exhibit 2).

## THE PARTIES

2. Parallax is a non-profit corporation organized under the laws of the State of Ohio, with its principal place of business in Beavercreek, Greene County, Ohio.

3. Defendant is a non-profit corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business at 14800 Conference Center Drive, Suite 300, Chantilly, VA 20151.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this claim pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship between the parties exists and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests or costs.

5. Venue is proper in the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to Parallax's claims occurred in Montgomery County, Ohio.

6. This Court has personal jurisdiction over Defendant because this lawsuit arises from the Defendant's actions in Montgomery County, Ohio.

7. Venue and personal jurisdiction are also proper in this Court as the Subaward Agreement provides that "[t]he parties agree that jurisdiction and venue for any dispute arising under (or as a result of) this Subaward will be tried in appropriate federal or state courts encompassing Montgomery County, Ohio, and each party submits to the jurisdiction of such courts." Exhibit 1 at 14.

**FACTUAL BACKGROUND**

**A. The Agreement**

8. Defendant entered into U.S. Government Cooperative Agreement FA8650-19-2-6983 (the "Cooperative Agreement.").

9. Subsequently, Defendant and Parallax entered into the Subaward Agreement, pursuant to which Parallax was to, among other things, "design, develop and integrate state of the art user modeling, deep learning, and natural language processing techniques across all areas of ACT3 research…" *See* Attachment A to Exhibit 1.

10. Under its terms, the Subaward Agreement was to run for a period of 24 months and was funded in the amount of $2,111,998.95. Exhibit 1 at 1.

11. Article 6 of the Subaward Agreement outlines the payment procedure for Parallax, explaining the invoicing process to be followed. Notably, Article 6 states, "...invoices will be paid within 15 calendar days of receipt of an approved invoice." Exhibit 1 at 5.

12. Article 12 of the Subaward Agreement contemplates termination of the Subaward Agreement in the event the Cooperative Agreement is terminated, stating:

> Additionally, SPGI may terminate this Subaward, in whole or in part, if any component of the Cooperative Agreement relating to this Subaward is terminated for any reason or AFRL directs SPGI to terminate the Subaward or termination is otherwise determined to be in the AFRL's best interest. **Before termination, SPGI will work with [Parallax] to resolve any issues that may cause this agreement to be terminated for convenience and arrange for payment of all incurred costs up to that specific time.**

Exhibit 1 at 10 (emphasis added).

16. Article 13 explains the process for handling disputes that arise under the Subaward Agreement as follows:

> At no time during a controversy shall claimant or respondent cease fulfilling their respective responsibility under this Subaward. Any party (*claimant*) who has any

dispute relating to this Subaward shall provide written notice to any other person that has an interest in the controversy (*respondents*) describing the general nature of the controversy. Said notice must designate an Independent Person as an authorized representative who is empowered to fully settle the controversy on behalf of the claimant…

Any disputes arising under, out of, or in connection with this Subaward that are not settled by agreement of the parties in accordance with paragraph (a) of this Article 13 may be resolved by appropriate nonbinding arbitration or legal proceedings.

Exhibit 1 at 10.

**B. Parallax Performs Under the Terms of the Agreement**

17. Per the Subaward Agreement, Parallax performed its obligations and provided monthly invoices compliant with Article 6 of the Subaward Agreement.

18. From the period of August 2020 until February 2021, Parallax submitted to the Defendant seven invoices totaling $906,452.27, pursuant to the process outlined in Article 6 of the Subaward Agreement. *See* Exhibit 2.

19. Defendant has failed to make payment on any of those invoices.

20. At no time during the course of Parallax's performance of the Subaward Agreement did the Defendant raise concerns as to Parallax's performance, claim that Parallax breached the Subaward Agreement, or otherwise claim that Parallax's invoices were inadequate per the Subaward Agreement.

21. On January 12, 2021, Parallax sent to the Defendant a request for payment explaining that at that time, "[Parallax] has five (5) past due invoices that have yet to be paid under Cooperative Agreement Subaward 2019-ARC-S-19005…" The request for payment is attached as Exhibit 3.

22. On January 13, 2021, Parallax sent Defendant an invoice for services rendered in December 2020.

**C. Defendant Terminates the Agreement**

24. The next day, on January 14, 2021, Defendant issued a "Suspension of Work Order," which suspended work under the Subaward Agreement for a period of ninety days. The Suspension of Work Order is attached as Exhibit 4.

25. On February 11, 2021, Parallax sent Defendant an invoice for services rendered in January 2021, prior to Parallax receiving the Suspension of Work Order.

26. Between January 14, 2021 and March 22, 2021, Parallax contacted Defendant multiple times regarding payment on all past-due invoices. These communications were ignored by Defendant.

27. On March 22, 2021, Parallax received an email from Defendant stating, "…the Air Force has issued a termination of contract order for the ARCNet contract. As a result we will be issuing a termination notice for each Subaward, you should receive the notice by the end of this week. **We are aware there are still outstanding invoices for work completed prior to January 14th and those invoices will be paid."** (emphasis added). The email is attached as Exhibit 5.

28. Later that day, Defendant sent Parallax a document titled "Subaward Modification" terminating the Subaward Agreement based on the Air Force's termination of the Cooperative Agreement. The Subaward Modification is attached as Exhibit 6.

29. On March 25, 2021, Parallax sent a letter to Defendant demanding payment on the seven outstanding invoices and provided all information required to comply with Article 13 of the Subaward Agreement. The letter is attached as Exhibit 7. To date, Parallax has not received a response, nor payment from Defendant.

30. Upon information and belief, Defendant has received payment from the Air Force for the services provided by Parallax pursuant to the Subaward Agreement. Despite receiving

5

payment from the Air Force, Defendant has failed pay Parallax pursuant to the Subaward Agreement.

## COUNT I
### (Breach of Contract)

31. Parallax incorporates the allegations of the preceding Paragraphs as if fully restated herein.

32. The Subaward Agreement is a valid and binding contract.

33. Parallax performed its obligations under the Subaward Agreement and satisfied all contractual conditions precedent to receive payment for services rendered.

34. By failing to make payment on invoices properly, Defendant materially breached the Subaward Agreement.

35. As a result of the Defendant's material breach of the Subaward Agreement, Parallax has been damaged in the amount of $906,452.27, plus interest.

## COUNT II
### (Unjust Enrichment)

36. Parallax incorporates the allegations of the preceding Paragraphs as if fully restated herein.

37. By providing the services described in the Subaward Agreement, Parallax conferred a benefit upon Defendant.

38. Parallax expected remuneration from Defendant for the services that were provided.

39. Despite repeated demand, Defendant has refused to pay for the services it received from Parallax.

40. By accepting services from Parallax without making payment, Defendant has been unjustly enriched at Parallax's expense in the amount of $906,452.27, plus interest, attorney's fees, and costs.

**WHEREFORE**, Parallax demands judgment in its favor and against SPGI as follows:

A. Actual damages in the amount of $906,452.27;

B. Pre-judgment and post-judgment interest;

C. Cost of suit, including reasonable attorneys' fees; and

D. Any other relief that the Court may deem appropriate and just.

## JURY DEMAND

Plaintiff Parallax Advanced Research Corporation hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

*/s/ Chad R. Ziepfel*
Chad R. Ziepfel (0084274)
Kenneth A. Foisy (0095904)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
Phone: (513) 381-2838
Fax: (513) 381-0205
cziepfel@taftlaw.com
kfoisy@taftlaw.com

*Attorneys for Plaintiff Parallax Advanced Research Corporation*

70019834v1