UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PARALLAX ADVANCED RESEARCH
CORPORATION f/k/a WRIGHT STATE
APPLIED RESEARCH CORPORATION,

    Plaintiff,

vs.

SPG INSTITUTE, INC.,

    Defendant.

Case No. 3:21-cv-133

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT (DOC. NO. 8); (2) GRANTING A DECLARATORY JUDGMENT TO PLAINTIFF FOR $906,450.31; AND (3) PROVIDING PLAINTIFF WITH THIRTY DAYS LEAVE IN WHICH TO BRIEF WHETHER FEES, INTEREST OR COSTS SHOULD BE ADDITIONALLY AWARDED HERE**

Plaintiff -- a non-profit corporation duly organized and existing under the laws of the State of Ohio -- brings this action to obtain payment from Defendant SPG Institute, Inc., a Virginia corporation, for services rendered under a contract between them. *Id.* After Defendant failed to timely respond to Plaintiff's complaint or appear in this matter, the Clerk of Court docketed an entry of default against Defendant pursuant to Fed. R. Civ. P. 55(a). Doc. Nos. 5, 6. Plaintiff thereafter moved for a default judgment pursuant to Fed. R. Civ. P. 55(b). Doc. No. 8. Defendant did not file a memorandum in opposition, and the time for doing so under S.D. Ohio Civ. R. 7.2(a)(2) has expired. In now moving for a default judgment, Plaintiff seeks a declaratory judgment for a sum certain of $906,450.31, pre-and post-judgment interest, and costs against Defendant. Doc. No. 8.

**I.**

Diversity jurisdiction exists over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Here, Plaintiff is a non-profit corporation duly organized and existing under the laws of the State of Ohio, Defendant is a non-profit corporation organized under the laws of Virginia, and the amount in controversy exceeds $75,000. Doc. No. 1 at PageID 2; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. Tashire*, 386 U.S. 523, 531 (1967)). Therefore, jurisdiction is proper under 28 U.S.C. § 1332(a).

**II.**

A party is in default when that it fails to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Once default is shown by affidavit or otherwise, "the clerk must enter the party's default." *Id*. Following the entry of default against a defaulting party, and where "plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has defaulted by not appearing and who is neither a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). Otherwise, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

In determining whether to enter a default judgment, the Sixth Circuit has held that the district court should consider the following factors: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002). Additionally, the Court must determine that jurisdiction is proper over the

defendants at issue. *Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment").

Plaintiff's attorney submitted an affidavit stating that Defendant was successfully served with a summons and that he subsequently returned the executed summons to the Clerk of Court. Doc. No. 6-1 at PageID 75-76. Despite proper service, Defendant has failed to file an answer or otherwise plead in response to Plaintiff's complaint within the time allowed under Fed. R. Civ. P. 12. As a result, the Clerk entered a default against Defendant. Doc. No. 7. Defendant has since failed to offer any objection to the entry of default and has not moved to set aside that default. Without such action by Defendant, the record lacks any explanation for Defendant's failure to respond to Plaintiff's complaint. Therefore, default judgment is warranted against Defendant.

This does not end the matter because a default judgment fails as a matter of law if the plaintiff's complaint does not assert a plausible claim upon which relief can be granted. *See General Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010); *see also Nat'l Auto Group, Inc. v. Van Devere, Inc.*, No. 5:20-cv-2543, 2021 WL 1857143, at *3 (N.D. Ohio 2021) (and cases cited therein).

### III.

Once default has been entered, the factual allegations in the complaint, except those related to damages, are accepted as true. *See* Fed. R. Civ. P. 8(b)(6) (finding all allegations in a complaint not timely denied are accepted as true); *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading).

The following relevant facts are thus accepted as true: on November 1, 2019, Plaintiff and Defendant entered into an agreement known as the Cooperative Agreement Subaward 2019-ARC-S-19005 (the "Agreement"). Doc. No. 1 at PageID 1. Pursuant to the Agreement, Plaintiff was to "design, develop and integrate state of the art user modeling, deep learning, and natural language processing techniques across all areas of ACT3 research . . ." for a period 24 months for a total of $2,111,998.95. *Id.* at PageID 3. Article 6 of the Agreement provided an outline of the payment process, requiring Plaintiff to submit invoices that were to be paid "within 15 calendar days of an approved invoice." *Id.* at PageID 3-4. Between August 2020 and February 2021, Plaintiff sent seven invoices to Defendant requesting payment for services rendered. *Id.* at PageID 4. On January 14, 2021, Defendant issued an order suspending work under the Agreement for ninety days.[1] *Id.* at PageID 5. Based on work performed prior to the suspension of work order, Plaintiff issued seven invoices totaling $906,450.31. *Id.* at PageID 4-5.

Upon receiving the suspension order, Plaintiff continued to contact Defendant concerning payment on all seven invoices; however, Defendant did not respond to these communications. *Id.* at PageID 5. On March 22, 2021, Defendant sent Plaintiff an email providing, "the Air Force has issued a termination of contract order for the ARCNET contract. As a result we will be issuing a termination notice for each Subaward, you should receive notice by the end of this week. We are aware there are still outstanding invoices for work completed prior to January 14th and those invoices will be paid." *Id.* Later that day, Defendant sent Plaintiff a document terminating the Agreement. *Id.* Plaintiff subsequently sent Defendant a letter demanding payment on the seven invoices. *Id.* To date, Plaintiff has not received a response or payment. *Id.*

**IV**.

---

[1] Plaintiff notes that the final invoice, sent in February 2021, was for services rendered prior to the January 14, 2021 suspension of work order. Doc. No 1 at PageID5.

A default judgment is appropriate in this case in light of Defendant's failure to respond to the complaint and because Plaintiff's well-pleaded allegations state a plausible breach of contract claim against Defendant -- a claim over which the Court has subject matter (*i.e.*, diversity) jurisdiction. *See Select Rehab., LLC v. Astoria Place of Columbus, LLC*, No. 2:19-CV-4947, 2020 WL 6287115, at *2 (S.D. Ohio Oct. 27, 2020). The parties had a contract under which Defendant promised to pay Plaintiff for services rendered. Doc. No. 1-1. Defendant further promised to pay Plaintiff for services provided within fifteen days of receiving an invoice. Doc. No. 1 at PageID 3-4. Plaintiff relied upon this promise, provided services to Defendant, and submitted invoices as agreed upon in the Agreement. *Id.* To date, Defendant has not paid and has therefore breached the parties' agreement. *Id.*

The Court recognizes that this matter involves a large sum of money. *See Rooks v. Am. Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959) ("[M]atters involving large sums of money should not be determined by default judgments if it can be reasonably avoided"); *see also PNC Bank, Nat'l Ass'n v. Mid Mich. Feed Ingredients, LLC*, No. 1:21-cv-10655, 2021 WL 2110744, at *7 (E.D. Mich. May 25, 2021) ("[W]hile the significant value of the outstanding balance and the preference for merit-based decisions should be noted, neither factor would be so decisive as to justify denying [Plaintiff]'s Motion for Default Judgment."). Given the facts of the instant case, however, the Court finds that granting a default judgment is proper. *See PNC Equip. Fin., LLC v. Keller*, No. 1:12-CV-594-HJW, 2014 WL 11515877, at *5 (S.D. Ohio May 29, 2014), *aff'd,* 602 F. App'x 333 (6th Cir. 2015) (denying motion to set aside default judgment of $1,650,379.82 because (1) the defendant failed to establish excusable neglect for not defending the suit; and (2) the matter was a straightforward breach of contract claim).

Where a case involves a direct promise to pay or repay a large sum, courts are more likely to grant default judgment. *See PNC Bank*, 2021 WL 2110744, at *7 (granting default judgment of $642,902.08 in straightforward breach of note case when defendant failed to appear on the matter); *see also Phillips 66 Co. v. Petros Rai Stations, LLC*, No. 2:15-CV-0368, 2016 WL 1654957, at *6 (E.D. Cal. Apr. 27, 2016) (noting a willingness to grant default judgment in cases involving "a breach of a direct promise to pay or repay large sums of money"). Here, Defendant promised to pay Plaintiff for services rendered under the parties' agreement and acknowledged that it had failed to pay that sum. Doc. No. 1 at PageID 4-5 ("We are aware there are still outstanding invoices for work completed prior to January 14th").

Additionally, courts are also more likely to grant a default judgment in cases where a defendant has been entirely unresponsive. *See Select Rehab., LLC*, 2020 WL 6287115, at *2 (granting default judgment in the amount of $123,415.16 where defendant had failed to plead or otherwise defend); *Orms v. Bailey*, CIV.A.5:05 257, 2006 WL 3845028, at *3 (E.D. Ky. Dec. 22, 2006) (denying motion to set aside default judgment of $10,430,029.49 because absent defendant failed to show default was the product of excusable neglect); *c.f. Wong v. Partygaming Ltd.*, 1:06-CV-02376, 2008 WL 4449436, at *4 (N.D. Ohio Sept. 30, 2008), *aff'd*, 589 F.3d 821 (6th Cir. 2009) (granting motion to set aside entry of default judgment of $600 million after defendant presented a meritorious defense); *Cunningham v. MEC Enterprises, Inc.*, No. 10-13409, 2012 WL 1094330, at * 1 (E.D. Mich. Mar. 2, 2012) (denying default judgment of $700,000 because defendant was actively involved and appeared on the matter). In this case, Defendant has failed to appear, plead, or defend this action. Thus, default is appropriate.

"[W]hile liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT*

*Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1.

To support its damage award request, Plaintiff submitted affidavits from its representatives testifying that Defendant owes $906,450.31 pursuant to Article 12 of the Agreement, and that Defendant has not paid any of the sum that is owed. Doc. No. 8-1 at PageID 89-90; Doc. No. 6-1 at PageID 75. By way of these affidavits and the language of the Agreement, Plaintiff has sufficiently proven its requested damages of $906,450.31.

Plaintiff additionally requests costs of suit, including reasonably attorneys' fees, and pre-judgment and post-judgment interest. If Plaintiff would like the Court to consider an award of these sums, Plaintiff shall file an appropriate motion within thirty (30) days.

**V.**

Having reviewed the pleadings and evidence in this case, and being fully satisfied therewith, the Court finds that the prerequisites for a declaratory judgment have been met. Plaintiff's motion for default judgment (Doc. No. 8) therefore is **GRANTED.**

Accordingly, in light of the foregoing, the Court **GRANTS** Plaintiff's motion for a default judgment and instructs the Clerk to issue a declaratory judgment against Defendant as follows: SPG Institute, Inc. shall pay damages for breach of contract in the amount of $906,450.31.

**IT IS SO ORDERED.**

Date:  August 17, 2021                             s/ Michael J. Newman
                                                                     Hon. Michael J. Newman
                                                                     United States District Judge